# EXHIBIT "A"

FILED 1/26/2024 9:08 AM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2024-C-0249 /s/JW

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Lehigh County

*For Prothonotary Use Only:*

Docket No:

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: Deborah Eckhardt
Lead Defendant's Name: Costco Wholesale Corporation, et al

Are money damages requested? [ ] Yes [X] No

Dollar Amount Requested (check one):
- [ ] within arbitration limits
- [X] outside arbitration limits

Is this a *Class Action Suit*? [ ] Yes [X] No
Is this an *MDJ Appeal*? [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: Frank G. Procyk, Esquire

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [X] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABILITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- _____
- _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- _____
- _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)  This rule shall apply to all actions governed by the rules of civil procedure except the following:

    (i)    actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

    (ii)    actions for support, Rules 1910.1 et seq.

    (iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

    (iv)    actions for divorce or annulment of marriage, Rules 1920.1 et seq.

    (v)    actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

    (vi)    voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)  At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)  The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)  The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)  A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)  The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

Deborah Eckhardt
57 Orchard Road
Fleetwood, PA 19522
    Plaintiff

      v.

Costco Wholesale Corporation
d/b/a Costco Wholesale
791 N. Krocks Road
Allentown, PA 18106

Costco Wholesale Membership, Inc.
d/b/a Costco Wholesale
999 Lake Drive
Issaquah, WA 98027
    Defendants

No.:

JURY TRIAL DEMANDED

## NOTICE TO PLEAD

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

LAWYER REFERRAL SERVICE
Lehigh County Bar Association
1114 W. Walnut Street
Allentown, Pa. 18102-4734
(610)-433-7094

KNAFO LAW OFFICES, LLC

BY: _____
Frank G. Procyk, Esquire
I.D. # 33317
Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| Deborah Eckhardt<br>57 Orchard Road<br>Fleetwood, PA 19522<br>      Plaintiff | No.: |
| v. | JURY TRIAL DEMANDED |
| Costco Wholesale Corporation<br>d/b/a Costco Wholesale<br>791 N. Krocks Road<br>Allentown, PA 18106 | |
| Costco Wholesale Membership, Inc.<br>d/b/a Costco Wholesale<br>999 Lake Drive<br>Issaquah, WA 98027<br>      Defendants | |

**COMPLAINT**

Plaintiff, Deborah Eckhardt, by and through counsel, Frank G. Procyk, Esquire, and Knafo Law Offices, LLC, bring this Complaint against the Defendants, Costco Wholesale Corporation d/b/a Costco Wholesale and Costco Wholesale Membership, Inc. d/b/a Costco Wholesale, and in support hereof, aver as follows:

1. Plaintiff, Deborah Eckhardt, is an adult individual residing at 57 Orchard Road, Fleetwood, PA 19522.

2. The Defendant, Costco Wholesale Corporation d/b/a Costco Wholesale, is a corporation, partnership, franchise, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity licensed and authorized to do business in the Commonwealth of Pennsylvania, with a place of business and/or franchise located at 791 N. Krocks Road

Allentown, PA 18106, and a principal place of business located at 999 Lake Drive, Issaquah, WA 98027.

3. The Defendant, Costco Wholesale Membership, Inc. d/b/a Costco Wholesale, is a corporation, partnership, franchise, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity having a place of business and/or franchise located at 791 N. Krocks Road, Allentown, PA 18106, and a principal place of business located at 999 Lake Drive, Issaquah, WA 98027.

4. At all times relevant hereto, Defendants acted individually and/or by and through their actual, express, implied, and/or ostensible agents, servants, workmen and/or employees acting within the course and scope of their employment and in furtherance of Defendants' interests, including but not limited to each other.

5. At all times relevant hereto, Defendants, Costco Wholesale Corporation d/b/a Costco Wholesale and Costco Wholesale Membership, Inc. d/b/a Costco Wholesale, owned, possessed, monitored, supervised, trained, inspected, cleaned, cared for, operated, controlled and/or maintained the store Premises, including the walkways, aisles and interior walking surfaces inside the store known as Costco Wholesale located at 791 N. Krocks Road, Allentown, PA 18106 (collectively, the "Property" or the "Premises").

6. On or about March 24, 2023, at about 3:15 pm, Plaintiff, Deborah Eckhardt, and her daughter, Megan, were shopping at Costco Wholesale in Allentown, Lehigh County, Pennsylvania.

7. At all times relevant hereto, the Premises was held open to the public by Defendants as safe and for the business purpose of a retail store.

8. On or about March 24, 2023, Defendants were responsible for the inspection, cleaning and maintenance associated with the common interior floor areas, including the walkways, aisles and walking surfaces of the store Premises, at 791 N. Krocks Road, Allentown, PA 18106, and to keep said areas in a safe and hazard free condition for its customers and the public.

9. On the date as aforesaid, Plaintiff, Deborah Eckhardt, was a business invitee of Defendants, shopping at Defendants' premises.

10. On the date as aforesaid, Plaintiff, Deborah Eckhardt, with the express and/or implied permission and knowledge of Defendants, was at the registers proceeding to check out when she left the line to walk to the bathroom, and while doing that, she was suddenly and without warning caused to slip, lose her balance, and land with full force on her left knee as a result of stepping on a food substance located on the floor of the store of such size and character so as to unreasonably obstruct travel and constitute a danger to customers traveling thereon (collectively, the "dangerous and/or defective conditions"), causing Plaintiff to suffer the injuries and damages hereinafter set forth at length below.

11. At all times relevant hereto, Defendants knew, or should have known, of the existence of the aforesaid dangerous and/or defective conditions and failed to remove it, properly clean it, and failed to properly act and/or train its employees, agents, servants, franchisees and/or operators on the proper manner to safely maintain the business premises.

## COUNT I

**Deborah Eckhardt v. Costco Wholesale Corporation d/b/a Costco Wholesale**

12. Plaintiff, Deborah Eckhardt ("Plaintiff"), incorporates by reference paragraphs 1 through 11 as if fully set forth at length herein.

13. The aforesaid accident was directly, proximately, legally and substantially caused by the negligence and carelessness of Defendant, in that it/they, acting solely and/or jointly and severally did:

(a). fail to regard the rights, safety and position of Plaintiff as a customer in and about the area of the aforementioned accident;

(b). fail to properly construct, install, inspect, maintain, clean and repair the walkways and floor areas causing the Plaintiff to slip and fall;

(c). create the aforesaid dangerous and/or defective conditions on the Premises where the Defendant knew, or should have known, that customers would walk;

(d). allow the aforesaid dangerous and/or defective condition to remain on the Premises in an area where the Defendant knew, or should have known, that customers would be walking when Defendant knew, or should have known of its existence;

(e). fail to eliminate the aforesaid dangerous and/or defective condition when Defendant knew, or should have known of their existence;

(f). fail to discover the existence of said dangerous condition when Defendant would have discovered the existence of said conditions upon reasonable inspection;

(g). fail to inspect, clean and/or maintain the area of the aforementioned accident in a reasonable and prudent manner and in a safe condition and to notify Plaintiff of such failure;

(h). fail to issue any warning, verbal, written, actual and/or constructive to customers of the aforesaid dangerous and/or defective condition which existed on the Premises in or about the area of Plaintiff's aforesaid accident when Defendant knew, or should have known, of the existence of said condition

(i). permit and allow business invitees, such as the Plaintiff, to walk in and about the area of Plaintiff's aforesaid accident when said Defendant knew, or should have known, of the existence of the dangerous and/or defective condition;

(j). fail to post barriers, signs, warnings and/or barricades to prevent customers from encountering the dangerous and/or defective condition which existed and of which Defendant knew, or should have known;

(k). fail to supervise the activities on the Premises in a reasonable, safe, and prudent manner;

(l). fail to provide a safe walking surface for customers on the Premises;

(m). fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly construct, install, inspect, maintain, repair and clean the Premises and the area of the aforementioned accident;

(n). fail to use reasonable care in hiring, employing and/or promoting various agents, servants, workmen and/or employees who had the responsibility and obligation to properly construct, install, inspect, maintain, repair and clean the Premises and the area of the aforementioned accident;

(o). fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly supervise the operation of the Premises;

(p). fail to use reasonable care in hiring, employing and/or promoting various agents, servants, workmen and/or employees who had the responsibility and obligation to properly supervise the activities on the Premises;

(q). permit the various agents, servants, workmen and/or employees who had the responsibility and obligation to construct, install, inspect, repair, maintain and/or clean flooring surfaces upon the premises and the area of the aforementioned accident, to continue to work as agents, servants, workmen and/or employees, when said Defendant knew, or should have known, that said agents, servants, workmen and/or employees were unable to and/or incapable of properly performing the requirements of their respective employments;

(r). fail to establish procedures and programs to determine whether employees and/or potential employees were and/or are fit and capable of properly performing the requirements of their respective employment;

(s). fail to establish rules, policies, procedures, and programs governing the construction, installation, maintenance, repair, inspection and cleaning of the

premises and area of the aforesaid accident when the existence of said rules, policies, programs and procedures would have prevented the accident;

 (t). violate Defendant's policies, procedures, rules and programs governing the construction, installation, maintenance, inspection, repair and cleaning of the premises and area of the aforesaid accident when compliance with said policies, procedures, rules and programs would have prevented the accident;

 (u). undertake, gratuitously or for consideration, to construct, install, maintain, inspect, repair and clear the area of the aforesaid accident and fail to perform said duties when such failure increased the risk of harm to Plaintiff and/or Plaintiff reasonably relied upon Defendant's compliance with said duties by walking in the area where the accident occurred, in violation of the Restatement (Second) of Torts, Section 323, 324 and 344;

 (v). fail to comply with its own rules, policies, procedures and programs governing the construction, installation, maintenance, inspection, repair and cleaning of the premises and area of the aforesaid accident when such failure increased the risk of harm to Plaintiff and/or Plaintiff reasonably relied upon Defendant's compliance with said rules, policies, procedures and programs in walking in the area where the accident occurred;

 (w). commit and/or fail to commit the aforesaid acts set forth in subparagraphs (a) through (v) when Defendant expected, or should have expected, that Plaintiff did not know, nor have any reason to know, of the existence of the aforesaid dangerous and/or defective conditions; and

 (x). commit and/or fail to commit the aforesaid acts set forth in subparagraphs (a) through (v) when Defendant knew, or should have known, that Plaintiff would not protect herself against the dangerous and/or defective conditions.

14. Solely as a result of the carelessness and negligence of Defendant, Plaintiff, Deborah Eckhardt, was caused to suffer serious bodily injuries including, but not limited to a fractured left patella, and the tissues, muscles, and ligaments of her left knee and leg, all of which required medical treatment and may be permanent and/or chronic in nature.

15. As a result of the above accident and injuries sustained thereby, Plaintiff has been and may be in the future obliged to expend various and diverse sums of money for

medicine and medical treatment in an effort to cure the above injuries, all to Plaintiff's great loss and detriment.

16. As a result of the above accident and injuries sustained thereby, Plaintiff has suffered physical pain, mental anguish, anxiety, embarrassment and humiliation and may continue to suffer the same for an indefinite period of time in the future, all to Plaintiff's great loss and detriment.

17. As a result of the above accident and injuries sustained thereby, Plaintiff has and continues to be unable to attend to his usual duties and occupation and thereby suffered and suffers loss and depreciation of his earnings and earning power; he may continue to suffer the same for an indefinite period of time in the future, all to his great financial loss and detriment.

18. As a result of the above accident and injuries sustained thereby, Plaintiff has been unable to engage in Plaintiff's usual and customary social and recreational activities and other life's pleasures and may be prevented from engaging in such activities in the future, all to Plaintiff's great loss and detriment.

**WHEREFORE,** Plaintiff, Deborah Eckhardt, demands judgment in Plaintiff's favor and against Defendant, Costco Wholesale Corporation d/b/a Costco Wholesale, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus costs of suit and delay damages under Pa. Rule 238.

### COUNT II

**Deborah Eckhardt v. Costco Wholesale Membership, Inc. d/b/a Costco Wholesale**

19. Plaintiff, Deborah Eckhardt ("Plaintiff"), incorporates by reference paragraphs 1 through 18 as if fully set forth at length herein.

20. The aforesaid accident was directly, proximately, legally and substantially caused by the negligence and carelessness of Defendant, in that it/they, acting solely and/or jointly and severally did:

    (a). fail to regard the rights, safety and position of Plaintiff as a customer in and about the area of the aforementioned accident;

    (b). fail to properly construct, install, inspect, maintain, clean and repair the walkways and floor areas causing the Plaintiff to slip and fall;

    (c). create the aforesaid dangerous and/or defective conditions on the Premises where the Defendant knew, or should have known, that customers would walk;

    (d). allow the aforesaid dangerous and/or defective condition to remain on the Premises in an area where the Defendant knew, or should have known, that customers would be walking when Defendant knew, or should have known of its existence;

    (e). fail to eliminate the aforesaid dangerous and/or defective condition when Defendant knew, or should have known of their existence;

    (f). fail to discover the existence of said dangerous condition when Defendant would have discovered the existence of said conditions upon reasonable inspection;

    (g). fail to inspect, clean and/or maintain the area of the aforementioned accident in a reasonable and prudent manner and in a safe condition and to notify Plaintiff of such failure;

    (h). fail to issue any warning, verbal, written, actual and/or constructive to customers of the aforesaid dangerous and/or defective condition which existed on the Premises in or about the area of Plaintiff's aforesaid accident when Defendant knew, or should have known, of the existence of said condition;

    (i). permit and allow business invitees, such as the Plaintiff, to walk in and about the area of Plaintiff's aforesaid accident when said Defendant knew, or should have known, of the existence of the dangerous and/or defective condition;

    (j). fail to post barriers, signs, warnings and/or barricades to prevent customers from encountering the dangerous and/or defective condition which existed and of which Defendant knew, or should have known

(k). fail to supervise the activities on the Premises in a reasonable, safe, and prudent manner;

(l). fail to provide a safe walking surface for customers on the Premises;

(m). fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly construct, install, inspect, maintain, repair and clean the Premises and the area of the aforementioned accident;

(n). fail to use reasonable care in hiring, employing and/or promoting various agents, servants, workmen and/or employees who had the responsibility and obligation to properly construct, install, inspect, maintain, repair and clean the Premises and the area of the aforementioned accident;

(o). fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly supervise the operation of the Premises;

(p). fail to use reasonable care in hiring, employing and/or promoting various agents, servants, workmen and/or employees who had the responsibility and obligation to properly supervise the activities on the Premises;

(q). permit the various agents, servants, workmen and/or employees who had the responsibility and obligation to construct, install, inspect, repair, maintain and/or clean flooring surfaces upon the premises and the area of the aforementioned accident, to continue to work as agents, servants, workmen and/or employees, when said Defendant knew, or should have known, that said agents, servants, workmen and/or employees were unable to and/or incapable of properly performing the requirements of their respective employments;

(r). fail to establish procedures and programs to determine whether employees and/or potential employees were and/or are fit and capable of properly performing the requirements of their respective employment;

(s). fail to establish rules, policies, procedures, and programs governing the construction, installation, maintenance, repair, inspection and cleaning of the premises and area of the aforesaid accident when the existence of said rules, policies, programs and procedures would have prevented the accident;

(t). violate Defendant's policies, procedures, rules and programs governing the construction, installation, maintenance, inspection, repair and cleaning of the premises and area of the aforesaid accident when compliance with said policies, procedures, rules and programs would have prevented the accident.

(u). undertake, gratuitously or for consideration, to construct, install, maintain, inspect, repair and clear the area of the aforesaid accident and fail to perform said duties when such failure increased the risk of harm to Plaintiff and/or Plaintiff reasonably relied upon Defendant's compliance with said duties by walking in the area where the accident occurred, in violation of the Restatement (Second) of Torts, Section 323, 324 and 344;

(v). fail to comply with its own rules, policies, procedures and programs governing the construction, installation, maintenance, inspection, repair and cleaning of the premises and area of the aforesaid accident when such failure increased the risk of harm to Plaintiff and/or Plaintiff reasonably relied upon Defendant's compliance with said rules, policies, procedures and programs in walking in the area where the accident occurred;

(w). commit and/or fail to commit the aforesaid acts set forth in subparagraphs (a) through (v) when Defendant expected, or should have expected, that Plaintiff did not know, nor have any reason to know, of the existence of the aforesaid dangerous and/or defective conditions; and

(x). commit and/or fail to commit the aforesaid acts set forth in subparagraphs (a) through (v) when Defendant knew, or should have known, that Plaintiff would not protect herself against the dangerous and/or defective conditions.

21. Solely as a result of the carelessness and negligence of Defendant, Plaintiff, Deborah Eckhardt, was caused to suffer serious bodily injuries including, but not limited to a fractured left patella, and the tissues, muscles, and ligaments of her left knee and leg, all of which required medical treatment and may be permanent and/or chronic in nature.

22. As a result of the above accident and injuries sustained thereby, Plaintiff has been and may be in the future obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries, all to Plaintiff's great loss and detriment.

23. As a result of the above accident and injuries sustained thereby, Plaintiff has suffered physical pain, mental anguish, anxiety, embarrassment and humiliation and

may continue to suffer the same for an indefinite period of time in the future, all to Plaintiff's great loss and detriment.

24. As a result of the above accident and injuries sustained thereby, Plaintiff has and continues to be unable to attend to his usual duties and occupation and thereby suffered and suffers loss and depreciation of his earnings and earning power; he may continue to suffer the same for an indefinite period of time in the future, all to his great financial loss and detriment.

25. As a result of the above accident and injuries sustained thereby, Plaintiff has been unable to engage in Plaintiff's usual and customary social and recreational activities and other life's pleasures and may be prevented from engaging in such activities in the future, all to Plaintiff's great loss and detriment.

**WHEREFORE,** Plaintiff, Deborah Eckhardt, demands judgment in Plaintiff's favor and against Defendant, Costco Wholesale Membership, Inc. d/b/a Costco Wholesale, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus costs of suit and delay damages under Pa. Rule 238.

KNAFO LAW OFFICES, LLC

BY: _____
Frank G. Procyk, Esquire
I.D. No. 33317
1347 Hausman Road
Allentown, PA 18104
(610) 432-2221
**Attorney for Plaintiff**

## VERIFICATION

I hereby state that I am the Plaintiff in this action, and that the facts set forth in the foregoing Complaint are true and correct upon personal knowledge OR to the best of my information and belief OR in part upon personal knowledge and in part to the best of my information and belief. I understand that the statements herein are made pursuant to 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn falsification to authorities.

DATE: 1-26-24

Deborah Eckhardt

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

Deborah Eckhardt
57 Orchard Road
Fleetwood, PA 19522
    Plaintiff

    v.

Costco Wholesale Corporation
d/b/a Costco Wholesale
791 N. Krocks Road
Allentown, PA 18106

Costco Wholesale Membership, Inc.
d/b/a Costco Wholesale
999 Lake Drive
Issaquah, WA 98027
    Defendants

No.:

JURY TRIAL DEMANDED

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff

Signature: _Frank G. Procyk_

Name: Frank G. Procyk, Esquire

Attorney No: 33317